# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

WILLIAM D. RAMSEY, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:20-cv-00413

CEDAR TRUCKING CO., INC., et al.,

        Defendants.

## MEMORANDUM OPINION & ORDER

On July 21, 2020, the Clerk of this Court entered a default, consistent with *Fed. R. Civ. P.* 55(a) because defendant Cedar Trucking Co., Inc. did not respond to a complaint regarding an order from the Department of Labor to pay the defendant for black lung benefits [ECF No. 11]. Shortly thereafter, the plaintiffs filed a motion for default judgment and an affidavit in support of that motion. [ECF No. 12]. The motion and affidavit presented the amount due and stated that the defendant is neither an infant, an incompetent, nor a member of the United States Military. Based upon its review of the motion and affidavit, the court has determined that a hearing is unnecessary.

In accordance with *Fed. R. Civ. P.* 55(b)(1), the court **ENTERS** default judgment against the defendant Cedar Trucking Co., Inc. in the amount of $49,523.14, plus post-judgment interest, to be paid to plaintiff William D. Ramsey. Furthermore, for the reasons outlined below, the court **ORDERS** the defendant Cedar Trucking Co., Inc. to pay plaintiff's counsel, Leonard J. Stayton and Leonard J. Stayton P.S.C., reasonable attorneys' fees of $12,389.50, plus post-judgment interest, for services rendered in this action.

I.        Background

Plaintiff William D. Ramsey ("Ramsey"), an individual and resident of Kanawha County, West Virginia, brought the current action against Defendant Cedar Trucking Co., Inc. ("Cedar Trucking"), a domestic corporation with its principal place of business in Kanawha County, West Virginia. Plaintiffs Leonard J. Stayton and Leonard J. Stayton P.S.C. ("Stayton") are a natural person and a legal services corporation, respectively, both with the same office in Martin County, Kentucky.

On July 10, 2014, plaintiffs Ramsey and Stayton filed a claim for black lung benefits against his employer, Cedar Trucking. Ramsey alleged that he qualified for benefits under the Black Lung Benefits Act, which allows coal workers to collect benefits from employers when such workers are disabled by pneumoconiosis, also known as black lung disease. *See* 30 U.S.C. § 901. After receiving proper service of a Notice of Hearing and a Pre-Hearing Order, neither Cedar Trucking nor its counsel appeared for the resulting hearing on December 1, 2016.

On February 21, 2017, Honorable Drew A. Swank, an administrative law judge with the United States Department of Labor, issued a Decision and Order Awarding Benefits for plaintiff Ramsey of black lung benefits. Judge Swank stated, "[t]hrough an unrebutted legal presumption, [Ramsey] has proven that his total pulmonary disability was substantially caused by his coal workers' pneumonoconiosis . . . and is entitled to benefits." [ECF No. 12]. Later, on June 6, 2018, Judge Swank issued an order for attorneys' fees for plaintiff. Cedar Trucking did not appeal either order. A final order, under 28 U.S.C.A. § 1291, is one that "ends litigation on merits and leaves nothing for court to do but execute judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Intern. Union of Operating Eng'rs & Participating Emp's*, 571 U.S. 177, 134 S. Ct. 773, (2014). In this case, order making them final.

The plaintiffs filed a complaint and summons with this Court on June 6, 2020 alleging that Cedar Trucking had made no payments to the plaintiff after being ordered to by the Department of Labor. [ECF No. 1]. Cedar Trucking did not reply in the 21-day reply period, nor has it replied in

the nearly four months since. On July 21, 2020, the Clerk entered a default against the defendant [ECF No. 11], followed by the plaintiff's motion for default judgment and affidavit. [ECF No. 12].

## II.     Jurisdiction

The Supreme Court held in *Butz v. Economou* that an administrative law judge is "functionally comparable" to a judge, stating that their "powers are often, if not generally, comparable to those of a trial judge: He may issue subpoenas, rule on proffers of evidence, regulate the course of the hearing, and make or recommend decisions." *Butz v. Economou*, 438 U.S. 478, 513, (1978). This Court maintains jurisdiction over this case to enforce Judge Swank's legitimate orders through 33 U.S.C. § 921 (d): "If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred." 33 U.S.C. § 921.

## III.    Legal Standard

### A.  Default Judgment

Default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Under Rule 55, which governs default judgments, "trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). A defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as related to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

### B.  Attorney's Fees

In calculating an award of attorney's fees, a court must first determine a *Lodestar* figure by multiplying the number of reasonable hours expended times a reasonable rate. *Robinson v.*

*Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). In order to determine the reasonableness of the requested hours and rates, the court must be guided by the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 448 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See Grissom*, 549 F.3d at 321 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting twelve factor test set forth in *Johnson*)). These factors are used to calculate reasonable hourly rates and a reasonable number of hours expended by counsel, resulting in a *Lodestar* fee.[1]

## IV. Discussion

### A. Federal Black Lung Benefits

The United States Department of Labor ordered Cedar Trucking to pay benefits to Ramsey beginning July 2014. According to Ramsey's affidavit, these unpaid benefits total $35,609, accounting for July 2014 through July 2017. The Department of Labor began paying Ramsey's benefits from August 2017 to the present, an amount totaling $32,931.60 (an amount now owed by Cedar Trucking to the Department of Labor). Federal law dictates: "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof." 33 U.S.C.A. § 914. This 20% compensation must be paid "with respect to all amounts paid by the fund on behalf of such operator." 20 C.F.R. § 725.607. Therefore, Cedar Trucking owes an additional 20% compensation based on the $35,609 owed to Ramsey, as well as the $33,961.7 paid to Ramsey by

---

[1] The Fourth Circuit Court of Appeals has summarized the *Johnson* factors as follows: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978).

the Department of Labor on behalf of the defendant.[2] These two amounts combined equal $69,570.70. 20 percent of this total is $13,914.14. Thus, Cedar Trucking owes Ramsey compensation of $13,914.14 in addition to the $35,609 in unpaid benefits, plus post-judgment interest. After a review of the Black Lung Benefits Act, Ramsey's benefit entries, and the plaintiffs' supporting affidavits, the court **FINDS** the total amount owed by Cedar Trucking to Ramsey is $49,523.14.

### B. Attorney's Fees

The United States Department of Labor ordered Cedar Trucking to pay attorneys' fees to Stayton in the amount of $7,756.50. The plaintiffs have also requested compensation of $808 resulting from fees associated with filing this action and $3,835.00 for 12.75 hours of attorney and paralegal time. [ECF No. 12 at 5, ECF No. 13]. After a review of the *Johnson* factors, the plaintiffs' counsel's time entries, and the supporting affidavits, the court **FINDS** that 12.75 hours is a reasonable amount of time for counsel to expend in this matter. In accounting for the attorneys' fees ordered by the Department of Labor, the $808 in filing fees, and the 12.75 hours of attorney and paralegal time, the defendant, Cedar Trucking, must compensate plaintiff Stayton for attorney's fees and costs totaling $12,389.50. This sum must include post-judgment interest.

Post-judgment interest shall accrue, from today, at the statutory rate until the judgment is paid. See 28 U.S.C. § 1961 ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

### V. Conclusion

For the foregoing reasons, the court **ENTERS** an Entry of Default Judgment against defendant, Cedar Trucking. Plaintiff Ramsey is awarded judgment against Defendant Cedar

---

[2] This amount is current as of the plaintiff's latest affidavit, dated 08/04/2020, but the defendant is required to pay the full sum current through the date of payment.

Trucking in the amount of $49,523.14. Furthermore, the court has determined that $4,643.00 constitutes a reasonable fee for the plaintiff's counsel in successfully pursuing the action before this court. For the foregoing reasons, the court **ORDERS** the defendant Cedar Trucking to pay plaintiff Stayton reasonable attorneys' fees totaling $12,389.50.

The court hereby **DISMISSES** this case and **DIRECTS** that it be removed from the court's active docket. All pending orders are hereby dismissed. A separate Judgment Order follows.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	November 10, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE